Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4065 | **DATE** | 9/8/2000 |
| **CASE TITLE** | USA ex rel. MARTIN MORALES vs. EDWIN A. BOWEN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The petition for habeas corpus [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | SEP 11 2000 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| ✓ | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | EC FILED FOR | 9/8/2000 | |
| | Copy to judge/magistrate judge. | 00 SEP 11 | date mailed notice | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | jad mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARTIN MORALES, <br><br> Petitioner, <br><br> v. <br><br> EDWIN A. BOWEN, <br><br> Respondent. | No. 00 C 4065 <br><br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Martin Morales ("Morales") seeks a writ of habeas corpus against Centralia Correctional Center Warden Edwin Bowen pursuant to U.S.C. § 2254. Following a bench trial in the Circuit Court of Cook County with co-defendant Sheila Febres, Morales was convicted of residential burglary and sentenced to a seven-year prison term. The Appellate Court of Illinois affirmed the conviction. See Illinois v. Morales, No. 1-98-0377 (Oct. 21, 1999). On April 5, 2000, the Illinois Supreme Court denied Morales' petition for leave to appeal. Morales never filed a post-conviction petition.

## BACKGROUND

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner can rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254 (e)(1). Morales has not challenged the state appellate court's summary of facts. Accordingly, the following facts are drawn from the court's opinion affirming Morales' conviction.

On November 15, 1996, Magalia Davila's residence at 2524 North Springfield Avenue was burglarized after she left to visit a friend around 2 a.m. Moments after Davila left, her landlord, Ibette Cabrera-Diaz, saw two people enter and leave Davila's home and questioned them while they were

in Davila's doorway. When Davila returned, she found that the lock to her house was broken and a jewelry box and cash were missing. Davila and Cabrera-Diaz reported the incident to the police that night. Cabrera-Diaz gave a description to the police, including the perpetrators' clothing, height, weight, gender, and race. According to Cabrera-Diaz, Davila stated that the description matched Morales and Febres.

The following morning the police showed Davila and Cabrera-Diaz a photograph of Morales and Febres. Cabrera-Diaz identified them as the two she had seen the night before in Davila's house. She also testified that she recognized Febres as Febres was leaving Davila's home.

In addition to corroborating Cabrera-Diaz's testimony regarding the photographic identification, Chicago Police Officer Mike Smitka testified that he questioned Febres the morning after the burglary. According to Smitka, Febres told him that she was with Morales the previous night. The state rested after presenting this evidence.

Morales called his parents as witnesses. His mother testified he returned home at 1:30 a.m. on the night of the burglary and remained there the rest of the night. His father testified that he also saw his son at 1:30 a.m. that night and at several later times. In rebuttal, the State called an investigator who testified that the father never told him that he saw his son at 1:30 a.m. According to the investigator, he only reported seeing his son several hours later. Based on this evidence, the trial judge found Morales guilty of residential burglary.

In July 2000, Morales filed a *pro se* petition for habeas corpus in this court. He requests relief based on the ground that the trial judge relied upon inadmissible evidence, including hearsay and evidence not of record in finding Morales guilty.[1]

## DISCUSSION

### I. LEGAL PRINCIPLES

Morales must satisfy two procedural requirements before the court may reach the merits of his habeas corpus petition: (1) exhaustion of state remedies and (2) fair presentment of any federal claims, to avoid procedural default. Spreitzer v. Schomig, 219 F.3d 639, 644 (7th Cir. 2000) (citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest court for a ruling on the merits, or (2) state remedies are no longer available to the petitioner at the time his federal habeas petition is filed. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991) (citing Engle v. Isaac, 456, U.S. 107, 125 n. 28 (1982)). It is undisputed that Morales exhausted his state court remedies. Furthermore, the Seventh Circuit generally does not consider a failure to invoke the Illinois post-conviction relief process as a failure to exhaust remedies in state court. Cawley v. DeTella, 71 F.3d 691, 694 (7th Cir. 1995).

There are two ways that procedural default may occur. First, the petitioner may fail to raise fairly and properly an issue on direct appeal or post-conviction review. Moleterno v. Nelson, 114 F.3d 629, 633-634 (1997). Alternatively, the state court may rely on a state procedural bar as an independent and adequate ground for its disposition of the case Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). If a court concludes that petitioner has procedurally defaulted, the general rule is that the

---

[1] Morales also appealed his conviction on ineffective assistance of counsel grounds, but this issue is not raised in his habeas corpus petition.

3

court will not hear the claim on the merits. There is, however, one exception to the general rule. The court will hear a case when there is procedural default if the petitioner can demonstrate that review is necessary to prevent a fundamental miscarriage of justice. Edwards v. Carpenter, 120 S.Ct. 1587, 1591 (2000).

A federal court shall not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless (1) the state decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or (2) the state court's determination of facts was unreasonable in light of the evidence. 28 U.S.C. § 2254 (d).

## II. PROCEDURAL DEFAULT

In order to meet the requirement of fairly presenting federal law claims in state court, the petitioner must give the state court a chance to consider the substance of the claims he later presses in federal court. The state argues that Morales did not meet this requirement because in his appeal to the state court he neither "(1) rel[ied] on pertinent federal cases employing constitutional analysis; (2) re[lied] on state cases applying constitutional analysis to a similar fact situation; (3) assert[ed] the claim in terms so particular as to call to mind a specific constitutional right; and (4) allege[d] a pattern of facts that is well within the mainstream of constitutional litigation." (Resp. Br., 5) (citing Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998). The state points out that Morales has failed to explicitly assert a constitutional claim in his habeas corpus petition. (Resp. Br., 5).

Morales simply contends that there were errors in the circuit court's admission of evidence. This claim is insufficient to meet the fair presentment standard. "For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted." Rodriguez v. Scillia, 193 F.3d 913, 916 (1999). Specifically, Morales argued that the

4

circuit court erred in considering (1) codefendent Febres' statement to the police that the defendant was with her on the night of the burglary; (2) the description of the people in Davila's house that Cabrera-Diaz gave to the police; and (3) Davila's statement that Cabrera-Diaz's description of the burglars matched Morales and Febres.

In considering the sufficiency of presentment, the "task of the habeas court . . . is assessing, in concrete, practical terms, whether, the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve the issue on a federal basis." Id. (citing Verdin v. O'Leary, 972 F.2d 1467, 1473 (7th Cir. 1992)). It is not mandatory that all four prongs of the presentment test be satisfied. Similarly, satisfaction of one of the prongs is not necessarily sufficient to avoid procedural default. The analysis is case specific. Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998).

Morales has not satisfied any of the prongs. Morales did not rely on any federal cases in either his appellate brief or his petition to this court. Moreover, he did not identify any constitutional violation. It is not appropriate for this court to review the brief Morales submitted to the Illinois appellate court to determine whether he relied on "state cases applying constitutional analysis to a similar fact situation" when Morales' habeas petition does not make clear what constitutional claim, if any, he is currently asserting. Finally, it is clear from his appellate brief that Morales failed to assert a claim in sufficient detail to call to mind a specific constitutional right or allege a pattern of facts typical of constitutional litigation. Accordingly, this court finds that Morales did not fairly present any federal claims in state court. Therefore, he procedurally defaulted his claims.

## **CONCLUSION**

The petition for habeas corpus is denied.

ENTER:

_____
Suzanne B. Conlon
United States District Judge

September 8, 2000